UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTOMOTIVE TECHNOLOGIES INTERNATIONAL INC,

       Plaintiff(s),                            CIVIL NO.06-15756-DT

v.

SIEMENS,VDO AUTOMOTIVE CORPORATION,

       Defendant(s).
_____/

## NOTICE OF SCHEDULING CONFERENCE

You are hereby notified to appear in the chambers of the Honorable Robert H. Cleland, United States District Judge, at 231 W. Lafayette Blvd., Room 707, Detroit, Michigan, for a scheduling conference on **FEBRUARY 12, 2008 at 11:00 AM**. You are directed to meet and confer before the conference. *See* Fed. R. Civ. P. 26(f).[1]

**TRIAL COUNSEL MUST ATTEND** and be prepared to discuss, among other things:

1. A brief summary of the claims, defenses and related issues;
2. Nature of any corporate or partnership parties;[2]
3. The propriety of (or dispute about) subject matter jurisdiction;
4. The possible relationship to other cases;
5. The likelihood of pleading or party amendments, third-party complaints, etc.;
6. The likelihood of expert testimony;
7. Discovery progress to date and complexity of additional discovery (counsel are instructed to commence their Fed. R. Civ. P. 26(a)(1) disclosures without delay and to begin significant discovery prior to the conference);
8. Consent to state mediation practice or desire for private facilitation/arbitration;
9. Consent to magistrate judge jurisdiction or bench trial;
10. The likelihood of dispositive motions and likelihood of settlement.

---

[1] You should attempt to narrow the issues, *see* Fed. R. Civ. P. Rule 16(c)(1) ("including the elimination of frivolous claims or defenses") by reviewing claims, parties and affirmative defenses and withdrawing, without prejudice, any that are not presently sustainable under Rule 11 in view of evidence in hand. Leave to add claims or defenses "freely when justice so requires," *see* Fed. R. Civ. P. 15(a), is afforded to a diligent party who only later acquires facts needed to properly state a related claim or an affirmative defense. The court expects action on defenses where possible (*e.g.* a Rule 12(b)(6) defense should generate a motion to dismiss, not the mere boilerplate recitation of a failure-to-state-a-claim "affirmative defense").

[2] Each corporate party **must** insure that the disclosure statement required under LR 83.4 has been filed **before** the conference.

There will be no adjournment due to trial counsel's unavailability, and counsel with working knowledge of the case, fully prepared to participate, must appear. Commitments and representations made at the conference will be binding.

2/1/2008

                                                /S/ Lisa Wagner
                                                Case Manager and Deputy Clerk to
                                                Judge Robert H. Cleland
                                                313-234-5522