**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

AUTOMOTIVE TECHNOLOGIES
INTERNATIONAL, INC.,

      Plaintiff,

v.                                        Case No. 06-15756

SIEMENS VDO AUTOMOTIVE CORP., et
al.,

      Defendants.
      _____/

**ORDER GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**

    On February 3, 2009, the court conducted a telephone conference in the above-captioned case to discuss the entry of a protective order. The court allowed the parties to submit five-page submissions in support of their position by February 6, 2009.[1] Having reviewed the parties' briefs, the court will grant Defendants' motion for a protective order.

    The parties had agreed to all but a single paragraph of a proposed stipulated protective order ("Protective Order") prior to the February 3, 2009 telephone conference. Plaintiff argues that the Protective Order should include paragraph 10(e) to allow key non-attorney employees of Plaintiff to review documents designated "Confidential"[2]

---

[1] Plaintiff termed its submission, "Memorandum" [Dkt. # 94], while Defendants call their submission a "Motion" [Dkt. # 96]. Defendants also filed a "Statement" [Dkt. # 101], to which Plaintiff has responded with a "Response to 101 Statement" [Dkt. # 102].

[2] Some discrepancy exists as to whether Plaintiff is asking that non-attorney employees be allowed to review material designated "Confidential" as well as "Highly Confidential." (*See* Defs.' "Statement;" Pl.'s "Response.") The court notes paragraph 10(e) refers only to "Confidential" information, and in any case, the court will grant

under the terms of the Protective Order. (Pl.'s Memo. at 2.) Plaintiff primarily maintains that it has previously suffered as a result of over-designation of materials under a protective order. (Pl.'s Memo. at 3.) Defendants, however, contend that paragraph 10(e) should be excluded and that Plaintiff's non-attorney employees should not be allowed to review the sensitive information of its competitors. (Defs.' Mot. at 3-4.) Defendants further submit that the Protective Order addresses Plaintiff's concern regarding over-designation through the Protective Order's own procedures for challenging a designation. (Defs.' Mot. at 5.)

> Federal Rule of Civil Procedure 26 states in relevant part:
>
> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Fed. R. Civ. P. 26(c)(1). The rule "requires the district court to balance the interests at issue, and to compare the hardship on both parties if the motion is either granted or denied." *York v. Am. Med. Sys., Inc.*, No. 97-4306, 1998 WL 863790, at *4 (6th Cir. Nov. 23, 1998) (citing *In re Eli Lilly & Co.*, 142 F.R.D. 454, 456 (S.D. Ind. 1992)); *see also Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 722 (6th Cir. 1996). However, the party seeking a protective order has the burden to demonstrate good cause with specificity; broad allegations are insufficient. Fed. R. Civ. P. 26(c); *Lewis v. St. Luke's*

---

Defendants' motion for a protective order, which therefore precludes review by Plaintiff's non-attorney employees of "Confidential" information, and *a fortiori*, "Highly Confidential" information.

*Hosp. Ass'n*, No. 96-4147, 1997 WL 778410, at *3-4 (6th Cir. Dec. 9, 1997).

The court finds that Defendants have, at this time, shown good cause to preclude review of "Confidential" and "Highly Confidential" information by Plaintiff's non-attorney employees. While Plaintiff may not be a direct manufacturing competitor of Defendants, Plaintiff nonetheless competes with Defendants in both the licensing and prosecution of automotive patents. Review of Defendants' confidential information by Plaintiff's non-attorney employees exposes Defendants' to an unnecessary risk of economic injury. Plaintiff has not articulated a hardship that would overcome this concern. *See York*, 1998 WL 863790, at *4. Furthermore, the procedures extant in the Protective Order to challenge the designation of material as "Confidential" or "Highly Confidential" appear to the court as sufficient to address Plaintiff's concern regarding possible over-designation.[3] Accordingly,

IT IS ORDERED that Defendants' motion for a protective order [Dkt. # 96] is GRANTED. A separate protective order will issue.

                                              s/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: February 13, 2009

---

[3] This observation is, of course, subject to revision in the light of subsequent experience.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 13, 2009, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522
