**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC.,

Plaintiff,

v. Case No. 06-15756

SIEMENS VDO AUTOMOTIVE CORP., et al.,

Defendants.
______________________________________/

ORDER GOVERNING THE
PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

IT IS HEREBY ORDERED:

1. This protective order shall govern the handling of any information produced or disclosed by any party or nonparty (the "Producing Party") in the above-captioned litigation (the "ATI Litigation") whether revealed in documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, or pretrial or trial testimony or otherwise ("Discovery Material").

2. Any Producing Party may designate any Discovery Material as "Confidential" ("Confidential Information") under the terms of this protective order if such party in good faith believes such Discovery Material contains nonpublic, confidential, proprietary, commercially sensitive, or trade secret information.

3. Any Producing Party may designate any Discovery Material as "Highly Confidential" ("Highly Confidential Information") under the terms of this Order if such party in good faith believes that such Discovery Material contains nonpublic, highly confidential, and sensitive information concerning financial data, marketing information, strategic business plans,

regulatory information or technical data such as product formulation, research and development, or product manufacturing provided the Producing Party has a good faith belief that public dissemination of such Discovery Material would competitively disadvantage the Producing Party.

4. Any information derived from Confidential Information or Highly Confidential Information, including information obtained by inspecting, measuring, analyzing, or testing any sample or other thing designated as Confidential or Highly Confidential, shall have the confidentiality designation of the Discovery Material from which it was derived. If information is derived from some combination of Confidential Information and Highly Confidential Information, the derivative information shall be Highly Confidential Information.

5. Confidential Information, Highly Confidential Information, and information derived therefrom shall be used by the party receiving it (the "Receiving Party") solely for purposes of the ATI Litigation and shall not be used for any other purpose, including, without limitation, any business, proprietary, commercial, legal/litigation, governmental purpose or in connection with the preparation or prosecution of any patent application.

6. To designate Discovery Material other than deposition transcripts as Confidential or Highly Confidential, the Producing Party shall affix "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" legend to each page containing Confidential Information or Highly Confidential Information.

To designate information in a deposition transcript as Confidential or Highly Confidential, the Producing Party must designate by page and line number portions of such transcript as

Confidential or Highly Confidential. The Producing Party must deliver written notice of its designation to the opposing party or parties within ten (10) business days after it receives a copy of the official transcript. The parties shall treat all deposition transcripts as Highly Confidential Information for fifteen (15) business days after receipt in order to permit such designations to be made. An express statement on the record by counsel during the proceeding that certain testimony shall be treated as Confidential Information or Highly Confidential Information is not required.In the event the Producing Party elects to produce original files and records for inspection in response to any discovery request, the Producing Party may orally designate such original files and records as Confidential or Highly Confidential and, if the inspecting party desires to inspect these files and records, no markings need be made on the files and records for the purpose of such inspection. The Producing Party shall make copies of documents selected for copying and, where appropriate, mark such copies as Confidential or Highly Confidential prior to producing the copies to the inspecting party.Counsel for the Producing Party and the Receiving Party shall agree on a mutually acceptable manner of designation for the identification of protected information that cannot be readily or easily marked in a visible manner.

7. The inadvertent failure to designate information as Confidential or Highly Confidential in accordance with this protective order or the failure to object to a designation under Paragraph 9 at or within a given time shall not preclude designating information as Confidential or Highly Confidential at a later date or the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof under Paragraph 9.

8. A Receiving Party may upward-designate (*i.e.*, change any Discovery Material produced without a designation to a designation of Confidential or Highly Confidential or designate any Discovery Material produced as Confidential to a designation of Highly Confidential) any

Discovery Material produced by any other party or non-party, provided that said Discovery Material contains the upward designating party's own trade secrets or other confidential research, development, financial, personal, or commercially sensitive information, or otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c).

Upward designation shall be accomplished by providing written notice to all parties identifying (by Bates number or other individually identifiable information) the Discovery Material to be re-designated within thirty (30) days of production by the Producing Party. Failure to upward designate within thirty (30) days of production, alone, will not prevent a party from obtaining the agreement of all parties to upward designate certain Disclosure or Discovery Material or from moving the Court for such relief. Any party may object to the upward designation of Disclosure or Discovery Material pursuant to the procedures set forth in Paragraph 9 regarding challenging designations.

9. If a Receiving Party disagrees with a Producing Party's designation of information as Confidential or Highly Confidential, or disputes the limitations on access to be accorded such information under this Order, the party contesting the designation or restriction on access shall provide to the Producing Party written notice of its disagreement and specifically identify the information or restriction on access in dispute. If, despite good faith effort, the dispute cannot be resolved informally by the parties within fifteen (15) days of the Producing Party's receipt of the written notice, the party contesting the designation or restriction on access may seek a determination from the Court with respect to the propriety of the designation. The Confidential or Highly Confidential status of the challenged material shall be maintained until the Court shall rule on the Motion. While the challenging party must initiate the motion before the Court, it is the burden of the party seeking protection under this Order to demonstrate that the Confidential

or Highly Confidential designation is appropriate. A challenge under this Paragraph shall not affect a party's right of access to Confidential or Highly Confidential material or to disclose information as provided for in this Order. A party does not waive its right to challenge a confidentiality designation by not electing to mount a challenge promptly after the original designation is made.

10. Confidential Information may be disclosed only to the following:

a. the parties' outside counsel retained to provide legal advice regarding the ATI Litigation, including regular and temporary associate attorneys, paralegals and clerical staff;

b. the parties' inside counsel, or in the case of a foreign defendant, the individuals in the intellectual property or legal department that perform the equivalent role of inside counsel;

c. independent experts or consultants retained to assist counsel with the preparation or trial of the ATI Litigation and their staff ("Experts") but only in accordance with Paragraph 14 of this Order;

d. graphics or design services, nontechnical jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel of record necessary to assist counsel of record in the ATI Litigation;

e. any other person upon written stipulation of the Producing Party.

11. Highly Confidential Information may be disclosed only to those people who are qualified to receive Confidential Information under Paragraph 10(a), (c) or (d) provided that those individuals qualified under Paragraph 10(a) are not also directly involved in preparing or prosecuting patent applications on vehicle impact sensors, including sensor structure, manufacture, installation, or signal processing, or otherwise involved in making business decisions relating to vehicle impact sensors and will not be involved for two years from the date the information is recieved.

12. All Confidential Information and Highly Confidential Information which is filed with the Court shall be filed according to the Court's electronic filing procedures concerning the filing of sealed documents or in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title to the action, the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," and a statement substantially in the following form:

> "This envelope is sealed pursuant to order of the Court and contains [Confidential Information or Highly Confidential Information] filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court or pursuant to stipulation of the parties to this action."

The envelope or container shall not be opened without further order of the Court except by the Court or counsel of record, who shall return the document to the Clerk in a sealed envelope or container.

13. The Clerk of this Court is directed to maintain under seal all documents and things filed in the Court in this litigation which have been designated, in whole or in part, as

Confidential or Highly Confidential or which contain Confidential Information or Highly Confidential Information.

14. Experts may access Confidential Information or Highly Confidential Information only if approved under the following procedure.

a. The party retaining the Expert must provide all other parties with a current resume or curriculum vitae of the Expert, a copy of Exhibit A executed by the Expert, and a list of any past and present business relationships or affiliations with any party to the ATI Litigation.

b. Within 10 business days after receipt of the materials identified in subparagraph (a), any party may object in writing to the Expert having access to the Producing Party's Confidential Information or Highly Confidential Information. Failure to object during such period shall be deemed approval. If the parties are unable to reach agreement within 15 business days after receipt of the materials described in subparagraph (a), the party seeking to disclose Confidential Information or Highly Confidential Information to an Expert may seek an Order granting the Expert access to Confidential Information or Highly Confidential Information.

15. Information shall not be considered Confidential Information or Highly Confidential Information if:

a. it is or becomes publicly known through no fault or act of the Receiving Party;

b. it was already known to others outside commercial relationships, without obligation of confidence, by lawful means prior to acquisition from, or disclosure by, the Producing Party in the ATI Litigation; or

c. it is rightfully received by the Receiving Party from a third party which has authority to provide such Confidential or Highly Confidential Information and without obligation of confidence.

16. The inadvertent production of any privileged material, Confidential Information, or Highly Confidential Information shall not be deemed a waiver or impairment of any claim of privilege or the confidential nature of the information. Upon receiving oral or written notice from the Producing Party that privileged or confidential information has been inadvertently produced, all such information and any copies shall immediately be returned to the Producing Party and the Receiving Party shall not use such information for any purpose until further order of this Court. Any analyses, memoranda, or notes which were internally generated based upon inadvertently produced information shall immediately be treated in conformance with the protected nature of the information.

17. If any Receiving Party is served with any legal process in another legal proceeding seeking Confidential Information or Highly Confidential Information, the Receiving Party shall give prompt written notice by hand or facsimile to the Producing Party and, if able to do so without prejudicing itself, shall provide the Producing Party an opportunity to object to the disclosure of the Confidential Information or Highly Confidential Information. This Order does not require the Receiving Party to challenge or appeal an order requiring production of Confidential Information or Highly Confidential Information, to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

18. All Confidential Information or Highly Confidential Information shall be destroyed or returned to counsel for the Producing Party within 60 days of the final disposition of the ATI Litigation. The final disposition of the ATI Litigation occurs when a court enters an order

disposing of all claims and the time for appeal expires or all claims are resolved by settlement or other process. Counsel of record shall be entitled to retain court papers, deposition and trial transcripts and attorney work product provided that such counsel, and employees of such counsel, shall not disclose any Confidential Information or Highly Confidential Information contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the Producing Party.

19. Nothing contained in this Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a party or a party opponent. Nothing in this Order shall be deemed an admission that any particular information designated as Confidential or Highly Confidential is entitled to protection under the Order, Fed. R. Civ. P. 26(c), or any other law. Nothing in this Order shall be construed as granting any person or entity a right to receive specific Confidential Information or Highly Confidential Information where a court has entered an order precluding that person or entity from obtaining access to that information. The parties specifically reserve the right to challenge the designation of any particular information as Confidential or Highly Confidential, and agree that by stipulating to entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to introduction or use as evidence of any of the Discovery Material covered by this Order.

20. The parties may modify this protective order by written agreement or if no agreement can be reached, by moving the Court.

21. The terms of this protective order shall survive the termination of this litigation, and the Court shall retain jurisdiction of the ATI Litigation after its final disposition for the purpose of enforcing this protective order.

S/Robert H. Cleland
ROBERT H. CLELAND

UNITED STATES DISTRICT JUDGE

Dated: February 13, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 13, 2009, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC., | ) | |
| Plaintiff, | ) | Civil Action No. 06-CV-15756 |
| v. | ) | Hon. Robert H. Cleland |
| SIEMENS VDO AUTOMOTIVE CORP., et al, | ) | |
| Defendants. | ) | |

**UNDERTAKING PURSUANT TO PROTECTIVE ORDER**

I, ______________________________________________, state that:

1. My address is ______________________________________________________.

2. My present employer is _______________________________________________.

3. My present occupation or job title is _________________________________.

4. I have received a copy of the Order Governing The Protection And Exchange Of Confidential Information (the "Confidentiality Order") entered in this case on _________.

5. I have read and understand the provisions of the Confidentiality Order.

6. I will comply with all of the provisions of the Confidentiality Order.

7. I submit to the jurisdiction of the United States District Court for the Eastern District of Michigan for purposes of enforcement of the Confidentiality Order, and fully understand that violation of the Confidentiality Order is punishable as contempt of Court.

8. I will hold in confidence, and will not disclose to anyone not qualified under the Confidentiality Order, any Confidential Information, Highly Confidential Information, or any words, substances, summaries, abstracts or indices of Confidential Information or Highly Confidential Information disclosed to me, and I shall use Confidential Information and Highly Confidential Information only for purposes of the ATI Litigation and not for any other purpose, including, without limitation, any business, proprietary, commercial, governmental, or litigation purpose.

9. I will return all Confidential Information, Highly Confidential Information and any words, substances, summaries, abstracts and indices thereof, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

10. I declare under penalty of perjury that the foregoing is true and correct.

Executed this ____ day of _____________, 2009.

______
Signature____
Type or Print Name