**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

AUTOMOTIVE TECHNOLOGIES
INTERNATIONAL, INC.,

      Plaintiff,

v.                                                       Case No. 06-15756

SIEMENS VDO AUTOMOTIVE CORP., et
al.,

      Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S
"MOTION TO CLARIFY THE COURT'S CLAIM CONSTRUCTION"**

Pending before the court is a "Motion to Clarify the Court's Claim Construction," filed by Plaintiff Automotive Technologies International, Inc. on December 29, 2009. On January 29, 2009, the court ordered Defendants to file a response. The parties have now briefed the matter, and the court finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1. For the reasons stated below, the court will deny Plaintiff's motion to clarify.

**I. BACKGROUND**

This suit arises out of litigation involving a number of patents related to motor vehicle side-impact sensors that deploy occupant protection apparatus, such as airbags. On November 25, 2008, the court issued an "Opinion and Order Construing Claims and Scheduling a Status Conference." In the order, the court construed the language, "diagnose the state of the vehicle," from U.S. Patent No. 6,850,824 (filed Feb. 1, 2005) ("'824 Patent"), claims one, eighteen, and twenty-nine, to mean:

> diagnose the stability and proper running and operating condition of the vehicle. The diagnosis includes normal driving operating, as well as abnormal operation including excessive angular inclination (such as two wheels being off the ground as the vehicle is about to roll over), a crash, skidding and other similar situations. The diagnosis could also be an indication that one of the parts, components, systems or subsystems of the vehicle is operating abnormally.

(11/25/08 Order at 30.) The court based its definition on Defendants' proposed claim construction and Plaintiff's own patent definition, both of which state that "diagnose the state of the vehicle" means:

> with respect to its stability and proper running and operating condition. Thus, the state of the vehicle could be normal when the vehicle is operating properly on a highway or abnormal when, for example, the vehicle is experience excessive angular inclination (e.g., two wheels are off the ground and the vehicle is about to rollover [sic]), the vehicle is experiencing a crash, the vehicle is skidding, and other similar situations. A diagnosis of the state of the vehicle could also be an indication that one of the parts of the vehicle, e.g., a component, system or subsystem, is operating abnormally.

(11/25/08 Order; Defs.' *Markman* Br. Ex. 5, Part 1, '824 Patent col.10 l.14-26.)

At a status conference held on December 18, 2008, the parties discussed dismissing the claims regarding the '824 Patent based on the court's construction of the claims. Rather than stipulate to a dismissal of the '824 Patent, Plaintiff filed the instant "Motion to Clarify the Court's Claims Construction" on December 29, 2009. Specifically, Plaintiff asks the court to clarify that the court intended to construe "diagnose the state of the vehicle" to mean "diagnose the state of the vehicle *as it relates to the deployment of an occupant restraint system*" (emphasis added), and that the examples following the definition have a disjunctive relationship to one another. In response, Defendants argue that Plaintiff is trying to rewrite the court's claim construction and that the court's construction is consistent with the specification's definition.

## II. STANDARD

Plaintiff entitles its motion, a "Motion to Clarify the Court's Claim Construction," but Defendants contend that the court should instead construe Plaintiff's motion as a motion for reconsideration under the Eastern District of Michigan Local Rules and that as such it is untimely.

The court agrees that Plaintiff's motion is properly construed as a motion for reconsideration. Plaintiff's motion addresses alleged defects in the court's November 25, 2008 order. *See* E.D. Mich. LR 7.1(g)(3). In addition, Plaintiff asks the court to "clarify" its construction of Plaintiff's claim, but, in the context of a claim construction order, this amounts to asking the court to reconsider a decision it has already made. Indeed, Plaintiff now raises new arguments and casts them as issues the court may have overlooked in making its previous decision.

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F. Supp. 951, 952 (E.D. Mich. 1997). Furthermore, the Local Rules require that any motion for reconsideration be filed within

ten days of the initial order or judgment. E.D. Mich. LR 7.1(g)(1).

### III. DISCUSSION

The court entered its "Opinion and Order Construing Claims and Scheduling a Status Conference" on November 25, 2008. Plaintiff did not file the instant motion until December 29, 2009. Plaintiff did not meet the deadline to file a motion for reconsideration, and the court will therefore deny Plaintiff's "Motion to Clarify the Court's Claim Construction" as untimely. However, given the nature of Plaintiff's arguments, the court finds it appropriate to provide a comprehensive analysis and finds that even if it were to consider the substance of Plaintiff's motion, the court would still deny the motion.

In its brief, Plaintiff raises two main issues regarding the court's interpretation of the phrase, "diagnose the state of the vehicle": (1) the court should add the limitation "as it relates to the deployment of an occupant restraint system" as referenced during the *Markman* hearing, and (2) the court should construe the definitional examples in the disjunctive as provided in the patent specification and Defendants' proposed definition. (Pl.'s Mot. at 3.) In response, Defendants argue that (1) Plaintiff's proposal adds a limitation to the court's construction not previously argued, and (2) the court's construction is a proper construction of Plaintiff's own specification definition.

### A. "As it relates to the deployment of an occupant restraint system"

Plaintiff argues that the court improperly interpreted the phrase "diagnose the state of vehicle" because the court's construction could be construed to include, incorrectly, contexts unrelated to the deployment of an occupant restraint system and the relevant claims. (Pl.'s Mot. at 1-2.) Plaintiff further maintains that the court

indicated at the August 13, 2008 *Markman* hearing that it understood the phrase "diagnose the state of the vehicle" to relate to "the possible deployment of the airbag system." (*Markman* Hr'g Tr. 30, Aug. 13, 2008.)

The court finds Plaintiff's arguments to be without merit. Plaintiff's proposed claim construction for the *Markman* hearing was, "diagnose the condition of the vehicle," while Defendants proposed that the court use the definition provided in the '824 Patent's specification:

> with respect to its stability and proper running and operating condition. Thus, the state of the vehicle could be normal when the vehicle is operating properly on a highway or abnormal when, for example, the vehicle is experiencing excessive angular inclination (e.g., two wheels are off the ground and the vehicle is about to rollover [sic]), the vehicle is experiencing a crash, the vehicle is skidding, and other similar situations. A diagnosis of the state of the vehicle could also be an indication that one of the parts of the vehicle, e.g., a component, system or subsystem, is operating abnormally.

(11/25/08 Order; Defs.' *Markman* Br. Ex. 5, Part 1, '824 Patent col.10 l.14-26.) At the *Markman* hearing, Plaintiff's counsel stated that the difference was merely a "stylistic one" (*Markman* Hr'g Tr. 30), and did not disagree with the substance of Defendants' construction. Neither did Plaintiff disagree with the substance of Defendants' construction in its *Markman* brief. Indeed, Plaintiff's counsel stated during the *Markman* hearing that where Defendants "want to take [Plaintiff's] entire definition of the state of the vehicle, diagnosis state of the vehicle, from the patent and put it in, whereas to [Plaintiff] . . . it's clear that the [']824 patent talks about a variety of systems and a variety of potential things that can go wrong." (*Markman* Hr'g Tr. 30.) Plaintiff never discussed the limitation it now wants to import into the claim construction. In fact, Plaintiff admitted during the *Markman* hearing that the phrase, "diagnose the state of the

5

vehicle," relates to a number of different systems. (*Markman* Hr'g Tr. 30.)

Furthermore, the court did not state at the *Markman* hearing, as Plaintiff contends in the pending motion, that the court would incorporate the language, "as it relates to the deployment of an occupant restraint system," into the construction of "diagnose the state of the vehicle"; rather, the court's colloquy with Plaintiff's counsel regarding this construction sought only clarification regarding its subject and did not constitute a ruling by the court. (*Markman* Hr'g Tr. 30-31.) Plaintiff's arguments are nothing more than an attempt to reargue an issue already decided by the court by presenting an argument which Plaintiff could have raised earlier; Plaintiff has failed to satisfy the requirements necessary for the court to grant a motion for reconsideration because Plaintiff has not identified a palpable defect in the court's order, the correction of which "will result in a different disposition of the case." *See* E.D. Mich. LR 7.1(g)(3); *Czajkowski*, 967 F. Supp. at 952. While Plaintiff argues that the court's interpretation imposes a limit on Plaintiff, Plaintiff does not identify either a defect in the court's construction, or how any alteration of the court's construction would affect the disposition of the case. *See id.*

Moreover, the court's interpretation of the claim is correct. Under the rules of claim construction, a court examines three sources: claims, specifications, and prosecution history. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (citing *Unique Concepts, Inc. v. Brown*, 939 F.2d 1558, 1561 (Fed. Cir. 1991)). "'[R]esort must be had in the first instance to the words of the claim,' words [which are ascribed] their ordinary meaning unless it appears the inventor used them otherwise." *Bell Comm'ns Research, Inc. v. Vitalink Comm'ns, Corp.*, 55 F.3d 615, 620

(Fed Cir. 1995) (quoting *Envirotech Corp. v. Al George, Inc.*, 730 F.2d 753, 759 (Fed. Cir. 1984)).  Further, "it is equally 'fundamental that claims are to be construed in light of the specifications and both are to be read with a view to ascertaining the invention.'" *Id.* (quoting *United States v. Adams*, 383 U.S. 39, 69 (1966)).  Finally, "the specification is always highly relevant to the claim construction analysis.  Usually, it is dispositive; it is the single best guide to the meaning of a disputed term." *Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1324 (Fed. Cir. 2008) (internal citations omitted).  Plaintiff defined the phrase, "diagnose the state of the vehicle," in its specification, and the court ultimately adopted a similar construction for purposes of the claim.  Such use of the specification not only defers to Plaintiff's own conception of the patent terms, it also provides an accurate and reliable claim construction.  *See Praxair, Inc.*, 543 F.3d at 1324.  Finally, use of a patent specification in the interpretation of disputed terms gives all parties involved in the interpretation of a patent the ability to predict how a court will construe a claim, thus allowing them to arrange their affairs in advance and minimize the expenditure of their own, and the court's, time and resources.

     Additionally, while the "patentee is free to be his own lexicographer," as the oft-quoted maxim states,"[t]he written description part of the specification itself does not delimit the right exclude.  That is the function and purpose of the claims." *Markman*, 52 F.3d at 980.  Plaintiff's attempt to limit the scope of the phrase, "diagnose the state of the vehicle," with, "as it relates to the deployment of an occupant restraint system," is unnecessary because the claim itself already limits the use of the "diagnosis" by describing that the sensors and processor identified in the claims gather information related to and then control the "occupant restraint system."  For example, the relevant

language of claim one states:

> a processor coupled to said sensors and arranged to diagnose the state of the vehicle based on the measurements of said sensors,
>
> said processor being arranged to control the occupant restraint system based at least in part on the diagnosed state of the vehicle in an attempt to minimize injury to an occupant.

(11/25/08 Order at 9.) Claims eighteen and twenty-nine contain analogous language. Thus, the language of the three claims already provides the limiting language Plaintiff now seeks to append to "diagnose the state of the vehicle" because the claims establish that the processor manipulates the "occupant restrain system" based on the "diagnosed state of the vehicle." (*See* 11/25/08 Order at 9-10.)

Finally, to define "diagnose the state of the vehicle" to include "as it relates to the deployment of an occupant restraint system," would render the use of "occupant restraint system" in claims one, eighteen, and twenty-nine superfluous. The rules of claim construction proscribe such an interpretation. *See Primos, Inc. v. Hunter's Specialties, Inc.*, 451 F.ed 841, 848 (Fed. Cir. 2006) (holding that a court cannot interpret claim terms such that one is rendered superfluous); *see also Phillips v. AWH Corp.*, 415 F.3d 1303, 1312-13 (Fed. Cir. 2005) ("It is a 'bedrock principle' of patent law that 'the claims of a patent define the invention to which the patentee is entitled the right to exclude.'") (quoting *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., inc.*, 381 F.3d 1111, 1115 (Fed. Cir. 2004)). Each of Plaintiff's claims regarding the '824 Patent already addresses the relationship between the "diagnosis" and an "occupant restraint system." To also incorporate this relationship into the definition of "diagnose the state of the vehicle" is impermissible and would turn the language of the claims regarding an

"occupant restraint system" into a gratuitous phrase. *See id.* It is therefore unnecessary to append the phrase, "as it relates to the deployment of an occupant restraint system," to "diagnose the state of the vehicle." The court's construction is appropriate, and Plaintiff has not identified a palpable defect by which this court has been misled, the correction of which would "result in a different disposition of the case." *See* E.D. Mich. LR 7.1(g)(3).

### B. Disjunctive Language

Plaintiff next argues that the court has interpreted the claim with conjunctive language where the language from the specification, which was used to provide the claim construction, was written using disjunctive language. (Pl.'s Mot. at 3.) In particular, Plaintiff now asks the court to substitute "could include" for "include," "or" for "as well as," and "for example including" for "including." (Pl.'s Mot. at 3.) The court construed the relevant language to be as follows, with the now-disputed language italicized:

> The diagnosis *includes* normal driving operating, *as well as* abnormal operation *including* excessive angular inclination (such as two wheels being off the ground as the vehicle is about to roll over), a crash, skidding and other similar situations.

(11/25/08 Order at 30.) However, Plaintiff now proposes the following changes, as italicized:

> The diagnosis *could include* normal driving operating *or* abnormal operation, *for example including* excessive angular inclination (such as two wheels being off the ground as the vehicle is about to roll over), a crash, skidding and other similar situations.

(Pl.'s Mot. at 3.) Plaintiff's request does not satisfy the requirements for a motion for reconsideration because Plaintiff's proposed changes do not alter an identified "palpable

9

defect." Indeed, Plaintiff's proposed changes do not even differ in meaning from the court's claim construction. Plaintiff uses a disjunctive relationship, "could include" and "or," to show that "the state of the vehicle" could be normal or abnormal, but not both at the same time. The court's construction, using "include" and "as well as," does not negate the logic that the state of the vehicle can be either normal or abnormal, but not both at the same time. The court's language does not imply that "the state of the vehicle" can be normal and abnormal at the same time. In addition, the court's use of "include" to presage examples is correct, particularly because the language that follows, "such as" and "other similar situations," indicates a list of examples. Plaintiff's proposed change, "for example including" does not alter this meaning, it merely adds the unnecessary language, "for example," to the claim construction language. Plaintiff's suggested alterations do not constitute "palpable defect[s]" because they are not "'obvious, clear, unmistakable, manifest, or plain.'" *Kockett*, 328 F. Supp. 2d at 684 (citing *Cican*, 156 F. Supp. 2d at 668). Neither has Plaintiff demonstrated that the use of its language would "result in a different disposition of the case." *See* E.D. Mich. LR 7.1(g)(3).

Therefore, even had Plaintiff's motion been timely, the court would have denied the motion in its entirety on the merits.

## IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's "Motion to Clarify the Court's Claim Construction" [Dkt. # 89] is DENIED.


                                        s/Robert H. Cleland

                                  ROBERT H. CLELAND
                                  UNITED STATES DISTRICT JUDGE

Dated: March 5, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 5, 2009, by electronic and/or ordinary mail.

                                  s/Lisa G. Wagner
                                  Case Manager and Deputy Clerk
                                  (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\06-15756.ATI.SIEMENS.Order.Denying.Motion.to.Clarify.824.Patent.Claim.Construction.ljd.wpd

11