UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTOMOTIVE TECHNOLOGIES
INTERNATIONAL, INC.,

        Plaintiff,

v.

SIEMENS VDO AUTOMOTIVE
CORP., et al.,

        Defendants.
_____/

CIVIL ACTION NO. 06-15756

DISTRICT JUDGE ROBERT H. CLELAND

MAGISTRATE JUDGE DONALD A. SCHEER

# REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**:

I recommend that the Joint Defendants' Motion for an Award of Costs and Fees under 35 U.S.C. §285 be denied.

**II.    REPORT:**

    **A.    Procedural History**

Plaintiff filed this patent infringement action on December 27, 2006 (Docket No. 1). Defendants Siemens VDO Automotive Corporation ("Siemens"), TRW Automotive US, L.L.C. ("TRW"), and T K Holdings, Inc. ("TK") filed their Answer and Affirmative Defenses, together with a counterclaim on June 11, 2007 (Docket No. 7). Plaintiff responded to the counterclaim on June 21, 2007 (Docket No. 12). On June 27, 2007, Defendants filed a Motion to Reassign this action from the Honorable Patrick J. Duggan to the Honorable Robert H. Cleland as a companion case. An Order of Reassignment was entered on August 6, 2007 (Docket No. 18).

On October 18, 2007, a Joint Stipulation provided for the filing of an Amended Complaint adding Nissan North America, Inc. ("Nissan"), Hyundai Motor America

("Hyundai") and Kia Motor America ("Kia") as parties Defendant (Docket No. 27).  An Order approving the Stipulation was entered on the same date (Id.).

The Amended Complaint was filed on October 19, 2007.  Answers, Affirmative Defenses and Counterclaims were filed by the Defendants on November 12, 2007 (TRW, TK and Siemens), December 13, 2007 (Nissan), and January 11, 2008 (Kia) (Docket Nos. 36, 40 and 46).  Hyundai filed its Answer to the Amended Complaint on January 30, 2008 (Docket No. 48).  Plaintiff filed Answers to the various counterclaims on November 30, 2007 (Siemens, TK and TRW), January 2, 2008 (Nissan), and January 30, 2008 (Kia) (Docket Nos. 39, 43 and 47).

The court entered an Opinion and Order construing claims on November 25, 2008 (Docket No. 79).  Plaintiff's December 29, 2008 Motion to Clarify the Court's Claim Construction as to Patent Number 6,850,824 (Docket No. 89) was denied in a written Order on March 5, 2009 (Docket No. 105).  On February 2, 2009, a Stipulation and Order Dismissing Plaintiff's Claims and Defendants' Counterclaims Relating to Patent No. 7, 097,201 (Docket No. 93).  A floury of dispositive motions followed (Docket Nos. 108 - 113, 115, 116, 119 and 120).  Following the submission of Response and Reply Briefs, the court entered an Opinion and Order on October 30, 2009, granting Defendants' Motions for Summary Judgment of Invalidity (Docket Nos. 113 and 115) and denying as moot Defendants remaining Motions for Summary Judgment (Docket No. 147).  Judgment for Defendants was entered on November 3, 2009 (Docket No. 148).

On December 1, 2009, the instant Motion for Attorney Fees Pursuant to 35 U.S.C. §285 was filed by TRW, TK and Siemens (Docket No. 149).  Plaintiff filed its Response on December 18, 2009 (Docket No. 153).  The moving parties filed their Reply Brief on

December 28, 2009 (Docket No. 155). The motion was referred to the undersigned magistrate judge for Report and Recommendation (Docket No. 154). The matter was brought on for hearing on February 5, 2010, and taken under advisement.

### B. Applicable Law and Standard of Review

**The court in exceptional cases may award reasonable attorney fees to the prevailing party.**

Title 35, United States Code, Section 285.

Section 285 represents an exception to the traditional "American Rule" that each party to a lawsuit must bear its own attorney fees and litigation expenses. In an effort to discourage patent infringement, Congress amended the Patent Act in 1946 to provide that the losing party might be held responsible for the payment of the prevailing party's attorneys fees. Commentary on that amendment, however, indicated that an award of attorney fees to a prevailing party was not intended to be an automatic occurrence. That policy was made clear in the 1952 revision of the Act which adopted the current language providing for an award of attorney fees "in exceptional cases." See H.F. Schwartz, Patent Law and Practice (Federal Judicial Center 1988). Even in exceptional cases, an award of attorney fees is discretionary, and a trial court's decision is final, absent an abuse of discretion amounting to caprice or an erroneous conception of the law. Hoge, Warren, Zimmerman Co. v. Nourse & Co., 293 F.2d 779 (6th Cir. 1961). A party seeking an award of attorney fees bears the burden of proving that the case is "exceptional" by clear and convincing evidence. Aventis Cropscience, N.V. v. Pioneer Hi-Bred Intern, Inc., 294 F.2d Supp. 739 (M.D. N.C. 2003).

The premise for awarding fees in exceptional patent cases is the need to strike a balance between the interests of a patentee in protecting its statutory rights and the

interests of the public in confining such rights to their legal limits. Eltech Sys. Corp. v. PPG Indus. Inc., 903 F.2d 805, 810-11 (Fed. Cir. 1990). The determination of whether a case is exceptional, and thus might warrant an award of fees to the prevailing party under Section 285, is a two step process. The district court must:

> (1) determine whether there is clear and convincing evidence that a case is exceptional, a factual determination reviewed for clear error, and (2) if so, then determine in its discretion whether an award of attorney fees is justified, a determination [reviewable] for an abuse of discretion.

Digeo, Inc. v. Audible, Inc., 505 F.3d 1362, 1367 (Fed. Cir. 2007). Clear and convincing evidence that a plaintiff has brought a baseless or frivolous suit against an accused infringer is a sufficient basis upon which to deem the case exceptional for purposes of Section 285. "A frivolous infringement suit is one which the patentee knew or, on reasonable investigation, should have known was baseless." Haynes Int'l Inc. v. Jessop Steel Co., 8 F.3d 1573, 1579 (Fed. Cir. 1993). The burden of proof for a Section 285 attorney fee claim always rests with the moving party. Digeo, 505 F.3d at 1369.

> The term "exceptional" is not defined by statute, but the Federal Circuit has set out a non-exhaustive list of criteria to be used in deciding the question. The list focuses on the behavior of the party against which fees are sought. The factors include: (1) wilful infringement, (2) inequitable conduct before the USPTO, (3) misconduct during litigation, and (4) vexatious or unjustified litigation or the filing of a frivolous suit.

Id. at 741, 42 (citing Beckman Instruments, Inc. v. LKB Produkter AB, 892 F.2d 1547, 1553-54 (Fed. Cir. 1989)). An award of attorney fees must be based upon a specific finding that the case is exceptional because of fraudulent, malicious, inequitable or other bad faith conduct on the part of the losing party. Cole Processing Equipment Inc. v. Campbell, 578 F.Supp. 445 (S.D. OH 1981), aff'd, 716 F.2d 902 (6th Cir. 1983), cert. denied, 104. S.Ct.

4

1415 (1984). Attorney fees should not be awarded to a prevailing party accused of infringing patent rights, absent evidence of bad faith, even though the losing party's case may have been weak. J.G. Peta, Inc. v. Club Protector, Inc., 2003 WL 21206079 (Fed. Cir. 2003). The court must articulate factual support for the ultimate finding of exceptional circumstances warranting an award of attorney fees. Reactive Metals v. ESM, Inc., 769 F.2d 1578 (Fed. Cir. 1985).

### C. Analysis

It is undisputed that the moving Defendants are prevailing parties for purposes of a Section 285 attorney fee claim. The court's Opinion and Order of October 30, 2009 unambiguously granted their Motions for Summary Judgment of Invalidity as to the patents upon which Plaintiff based its claims in this case (Docket No. 147). Judgment was entered for the Defendants on November 3, 2009 (Docket No. 148). Accordingly, the instant Motion for Attorney Fees must be analyzed under the two step process described in Digeo.

#### Is There Clear and Convincing Evidence That This Case is Exceptional?

The moving Defendants rest their claim for attorney fees and expenses on the proposition that "ATI knew, or should have known upon reasonable investigation, [its] patents were invalid and that its claims of patent infringement were therefore baseless." (Docket No. 149, Defendants' Memorandum, Page 4).

Defendants assert that the claims of Plaintiff's '824 patent are "incredibly broad," and cover multiple sensor air bag systems which had been in use for decades. Accordingly, they argue that there was nothing novel about the claimed invention. Defendants note that their Motion for Summary Judgment of Invalidity as to the '824 patent demonstrated that

5

the asserted claims were anticipated by no less than seven prior art references. They emphasize that ATI never disputed their assertions, and that it failed even to file an opposition brief. They maintain that these facts constitute clear and convincing evidence "that ATI's case based on the '824 patent lacked merit and that ATI knew or should have known that its claims of patent infringement were baseless." (Docket No. 149, Defendants' Memorandum, Page 5). Movants assert that Plaintiff's conduct is particularly egregious in that they had served their invalidity contentions in March 2009, before formal discovery began. They claim that ATI represented in December 2008 that it anticipated dropping the '824 patent from the case, but failed to do so. Finally, they observe that Plaintiff's counsel refused to concur in their Motion for Summary Judgment, only to concede the merit of their position by failing to file a response to their Motion for Summary Judgment. (Id.).

Plaintiff responds that it became apparent only late in the litigation that the asserted claims of the '824 patent would not be sustained in light of the prior art asserted against the patent. ATI claims that its principal (Dr. Breed) recognized the weakness of Plaintiff's position during his deposition, shortly before the filing of the Motions for Summary Judgment. Plaintiff argues that its election not to contest summary judgment as to the '824 patent, rather than waste the court's time and Defendants' resources by attempting to make attenuated and frivolous arguments, is evidence of its good faith. ATI maintains that it expected to prevail on the priority date issue relating to its other patents in suit, and that it was confident as well in other issues which the court did not reach in its Memorandum Opinion and Order (because the invalidity findings rendered them moot) (Docket No. 153, Plaintiff's Memorandum, Page 15).

6

In reply, Defendants reassert their view that Plaintiff knew, or should have known, that the claims of its '824 patent were invalid as early as March 2009, when they produced invalidity charts reflecting over twenty references (Docket No. 155, Defendants' Reply, Pages 1-2).

The court rendered its Judgment of Invalidity of the '824 patent in a single paragraph of its 25 page Opinion and Order. That paragraph contains a reference to Plaintiff's failure to file a response as required by Eastern District of Michigan Local Rule 7.1, and correctly observes that the failure effectively conceded the issue. Nonetheless, the primary basis for the decision was the substantive determination that the '824 patent was anticipated or rendered obvious by the prior art of U.S. Patent No. 5,439,249 ("'249 Steffens Patent") whose effective filing date of December 2, 1993 predated the earliest effective filing date of the '824 patent (Docket No. 147, Opinion and Order, Page 25). That substantive analysis was necessary, as the burden of demonstrating the absence of a genuine issue of material fact for trial always rests with the party moving for summary judgment, even if an adverse party fails to respond. Carver v. Bunch, 946 F.2d 451, 455 (6th Cir. 1991). "The trial court must intelligently and carefully review the legitimacy of such an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." Guarino v. Brookfield Twp. Trustees, 980 F.2d 399, 407 (6th Cir. 1992). Had Plaintiff seen fit to concur with Defendants' Motion as to the '824 patent, the court would have been saved the time and effort expended in its analysis. Defendants, however, would have saved little, since their effort in drafting the Motion would necessarily have preceded Plaintiff's concurrence with it. Thus, while I am satisfied that ATI might well have recognized and conceded the inadequacy of its '824 patent claims earlier in the case, I do

7

not find that its failure to do so constitutes conduct so inequitable as to render this case "exceptional" for purposes of Section 285.

Defendants' Joint Motion for Summary Judgment argued that Plaintiff's '379, '038 and '202 patents were invalid as anticipated and obvious by prior art, specifically by U.S. Patent No. 5,556,974 ("'974 Mazur Patent"), in addition to several others. They maintained that the '974 Mazur Patent has an effective filing date of March 22, 1993, which predates the earliest effective filing date of the asserted patents, which have an effective filing date of September 16, 1993, and that the '974 Mazur Patent was undisclosed to the patent office at the time of filing, and is prior art rendering Plaintiff's patents invalid under Section 102(e).

Plaintiff's Response to the Motion offered several arguments in defense of its patents, contending that: (1) it could "swear behind" the patent, that is, show prior conception for its three patents such that the '974 Mazur Patent would not render them invalid; (2) that Plaintiff's three patents are entitled to an effective filing date of July 9, 1991, rendering the '974 Mazur Patent irrelevant as prior art; (3) that it had petitioned the Patent Office for a reissue of the patents based on a priority date of July 1991 because its '038 patent should have been filed as a continuation-in-part of the '970 patent; and (4) that the '974 Mazur Patent does not anticipate the '038 patent because it does not show a "transfer structure," as Plaintiff's patent does.

The court addressed in detail each of Plaintiff's arguments, finding no genuine issue of material fact for trial, and rejecting each of Plaintiff's arguments as a matter of law. In the glow of the court's favorable decision, Defendants now maintain that ATI, upon a reasonable investigation, should have known that the Mazur Patent, as prior art, "clearly

8

rendered the asserted claims of the '379, '038 and '202 patents invalid . . .." They briefly summarize the court's conclusions with respect to each of ATI's arguments against invalidity, variously characterizing them as baseless and/or frivolous.

In its defense, ATI declares that it neither subjectively nor objectively concluded that its claims were without merit. It presents the declaration of David Breed that he met with ATI's counsel and reached the subjective determination that ATI's positions with respect to the '202, '379 and '308 patents were meritorious. Plaintiff maintains that Defendants have offered no evidence to the contrary. ATI further insists that it had good grounds upon which to argue an invention date that disposed of the Mazur reference. While it acknowledges the court's disagreement with its legal arguments, and its own decision not to appeal, Plaintiff maintains that its various positions were reasonable, and that its patents were entitled to a presumption of validity which may be overcome only by clear and convincing evidence.

I am satisfied that it is unnecessary to review in detail the parties' various arguments on summary judgment or the court's detailed analysis in rendering a decision favorable to the Defendants. Multitudes of cases are decided on motions for summary judgment, and such a disposition is certainly not, in itself, exceptional. The court has rendered a decision and granted a judgment adverse to the Plaintiff. That disposition plainly supports the conclusions that ATI prosecuted a weak case. Nothing in that fact alone, however, constitutes evidence, to say nothing of clear and convincing evidence, that this litigation was unreasonable or frivolous.

ATI advanced several arguments against the proposition that the '974 Mazur patent was prior art. The Court ultimately rejected each argument in an analysis which consumed

18 pages of its opinion. While Plaintiff's efforts were unsuccessful, I do not find that its theories were so insubstantial as to be frivolous. For their part, the movant's attorneys billed nearly $2 million for time devoted to overcoming Plaintiff's arguments from March through November 2009. I tend to doubt that defeating insubstantial and frivolous legal arguments would require such an investment of efforts and recources by highly competent patent counsel. It is clear that Plaintiff misjudged the limits of its patent rights. I find no clear and convincing evidence that it did so vexatiously or wholly without basis. Plaintiff was wrong in its assessment. That result is hardly exceptional. Litigation generally leaves one party or the other in the same condition.

Nor do I find evidence of improper conduct by Plaintiff in its patent applications or in the course of this litigation. Even though the awards of attorney fees under Section 285 is compensatory rather than punitive, PPG Industries v. Celanese Polymer Specialties, 6 U.S. P.Q. 2nd 1010 (Fed. Cir. 1988), I agree with ATI that "exceptional cases," warranting an award of attorney fees, "are normally those involving bad faith litigation or those involving inequitable conduct by the patentee in procuring the patent." (Docket No. 153, Plaintiff's Brief, Page 5). (Citing Evident Corp. v. Church and Dwight Co., Inc., 399 F.3d 1310, 1315 (Fed. Cir. 2005)).

> [A]bsent misconduct in conduct of the litigation or in securing the patent, sanctions may be imposed against the patentee only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless.

Brooks Furniture Mfg., Inc. v. Dutailier Intern, Inc., 393 F.3d 1378, 1381 (Fed. Cir. 2005), (citing Professional Real Estate Investors v. Columbia Pictures Industries, 508 U.S. 49, 60-61 (1993)).

Even if this court were to find that ATI's Complaint was objectively baseless, there is no evidence that it was filed in subjective bad faith, or that Plaintiff or its counsel engaged in misconduct in securing or litigating its patent rights. ATI consulted with experienced patent counsel throughout the course of this litigation. Plaintiff voluntarily dismissed its claims based upon the '201 patent, with prejudice, and abandoned its '824 patent arguments on summary judgment motion practice. I find no evidence of gross negligence, improper tactics or obstructive conduct by Plaintiff's counsel. Nor do I find that Plaintiff sought judicial relief with unclean hands. Each party to this action had a significant interest in defining the limits of Plaintiff's legitimate patent rights. Each party expended substantial effort and treasure in securing this court's resolution of the matters in controversy. The American Rule renders each litigant responsible for its own attorney fees. Section 285 alters that responsibility only in cases shown by clear and convincing evidence to be exceptional. I find no such evidence in this instance. I conclude that no gross injustice would result from application of the American Rule. Therefore, I recommend that the Joint Defendants' Motion for an Award of Costs and Fees be denied.

### III. **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have

11

to this Report and Recommendation.  <u>Smith v. Detroit Federation of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer<br>
DONALD A. SCHEER<br>
UNITED STATES MAGISTRATE JUDGE

DATED: August 16, 2010

_____

### CERTIFICATE OF SERVICE

I hereby certify on August 16, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 16, 2010: **None.**

s/Michael E. Lang<br>
Deputy Clerk to<br>
Magistrate Judge Donald A. Scheer<br>
(313) 234-5217